1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stillwater Insurance Company, | No. CV-17-1080-PHX-DGC |
| Plaintiff, | **ORDER AND DECLARATORY JUDGMENT** |
| v. | |
| Sean Fricker; and B.B., a minor, by and through Erin E. Bertino, parent and legal guardian of B.B., | |
| Defendants. | |

Plaintiff Stillwater Insurance Company has filed a motion for default judgment against Defendant Sean Fricker. Doc. 20. No response has been filed. For reasons stated below, default judgment is appropriate.

**I.  Background.**

Stillwater seeks a declaratory judgment that a homeowner's insurance policy it issued to Fricker provides no coverage for claims and damages sought in an action currently pending in state court, *B.B. v. Fricker*, No. CV-2017-050691 (Maricopa Cty. Super. Ct Jan. 6, 2017). Doc. 1. The state court action asserts claims for negligence and punitive damages based on allegations that B.B. suffered injuries after Fricker gave him LSD to ingest. Doc. 1-1 at 3-4. Stillwater contends that the policy's intentional act and controlled substances exclusions bar coverage. Doc. 1 at 5-6.

The complaint was served on Fricker in April 2017. Doc. 6. Fricker has failed to

answer or otherwise respond to the complaint. The Clerk entered Fricker's default more than eight months ago. Doc. 16. On April 19, 2018, Stillwater filed the present motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b). Doc. 20.[1]

## II. Default Judgment.

The Court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the Court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The following factors may be considered in deciding whether default judgment is appropriate under Rule 55(b): (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the court accepts as true the complaint's well-pled factual allegations. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Having reviewed the complaint and default judgment motion, the Court finds that the *Eitel* factors favor default judgment**.**

### A. Possible Prejudice to Stillwater.

The first *Eitel* factor weighs in favor of default judgment. Fricker failed to respond to the complaint or otherwise appear in this action despite being served with the complaint, the application for default, and the motion for default judgment. If default judgment is not granted, Stillwater "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). The

---

[1] Defendant Bertino's default has also been entered by the Clerk. Doc. 15. To date, however, Stillwater has not sought default judgment against Bertino. Stillwater shall move for default judgment or file an appropriate notice of dismissal by June 22, 2018.

prejudice to Stillwater in this regard supports the entry of default judgment.

## B. Merits of the Claims and Sufficiency of the Complaint.

The second and third *Eitel* factors favor default judgment where, as in this case, the complaint sufficiently states a plausible claim for relief under the Rule 8 pleading standards. *See id.* at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). Stillwater seeks relief under the Declaratory Judgment Act, 28 U.S.C. § 2201. Doc. 1 at 1. The Act provides that in a case of actual controversy within its jurisdiction, a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." § 2201(a).

The merits of Stillwater's request for a declaratory judgment are clear and not reasonably subject to dispute. The underlying state court action alleges that Fricker intentionally provided illicit drugs (LSD) to a minor thereby causing that minor to be injured. Doc. 1-1 at 3-4. Stillwater's insurance policy issued to Fricker expressly excludes coverage for bodily injuries resulting from intentional acts and the delivery and use of controlled substances such as LSD:

> Coverages [for personal liability and medical payments to others] do not apply to the following:
>
> **1. Expected or Intended Injury**
>
> "Bodily injury" . . . which is expected or intended by an "insured" even if the resulting "bodily injury" . . . [i]s of a different kind, quality or degree than initially expected or intended[.]
>
> . . . .
>
> **8. Controlled Substance**
>
> "Bodily injury" . . . arising out of the use, sale, manufacture, delivery, transfer or possession by any person of a Controlled Substance as defined by the Federal Food and Drug Law . . . . Controlled Substances include but are not limited to cocaine, LSD, marijuana and all narcotic drugs.

Doc. 1-2 at 27. The second and third *Eitel* factors favor default judgment.

/ / /

### C. Amount of Money at Stake.

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct. Where the plaintiff's claim is for declaratory relief rather than for money damages, some courts have found that this factor weighs in favor of granting default judgment. *See PepsiCo*, 238 F. Supp. 2d at 1177; *Pollution Denim & Co. v. Pollution Clothing Co.*, No. CV-07-05208 MMM (JWJx), 2009 WL 10672270, at *7 (C.D. Ca. Feb. 9, 2009). Where the declaratory relief sought implicates the parties and merits of a separate action, however, courts have considered the amount at stake in that separate action while weighing the *Eitel* factors. *See Helwan Cement S.A.E. v. Tahaya Misr Inv., Inc.*, No. 2:17-cv-00543-CAS (AFMx), 2017 WL 2468775, at *5 (C.D. Cal. June 5, 2017) (citing *Lexington Ins. Co. v. Lennar Sales Corp.*, No. 11-cv-03411, 2012 WL 12883900, at *10 (C.D. Cal. Mar. 7, 2012)).

Stillwater asserts, for purposes of diversity jurisdiction, that the amount in controversy exceeds $75,000. Doc. 1 at 2. But neither party has provided information from which the Court can discern the amount of money at stake in the state court action. The Court concludes that the fourth *Eitel* factor is neutral.

### D. Possible Dispute Concerning Material Facts.

Given the sufficiency of the complaint and Fricker's default, "no genuine dispute of material facts would preclude granting [Stillwater's] motion." *PepsiCo*, 238 F. Supp. 2d at 1177.

### E. Whether Default Was Due to Excusable Neglect.

Stillwater properly served Fricker with the summons and complaint. Doc. 6. It therefore is unlikely that Fricker's failure to answer and the resulting default were due to excusable neglect. *See Helwan Cement*, 2017 WL 2468775, at *5; *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008). This *Eitel* factor weighs in favor of default judgment.

### F. Policy Favoring a Decision on the Merits.

The last factor usually weighs against default judgment given that cases "should

be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere existence of Rule 55(b), however, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177. Moreover, Fricker's failure to respond to the complaint "makes a decision on the merits impractical, if not impossible." *Id.* Stated differently, it is difficult to reach the merits when the opposing party is absent. The Court therefore is not precluded from entering default judgment against Fricker. *See id.*; *Gemmel*, 2008 WL 65604, at *5.

### G. Conclusion.

Five of the seven *Eitel* factors favor default judgment, and two factors are neutral. The Court therefore concludes that default judgment is appropriate.

**IT IS ORDERED:**

1. Plaintiff Stillwater Insurance Company's motion for default judgment (Doc. 20) is **granted**.

2. Default judgment is entered in favor of Plaintiff and against Defendant Sean Fricker on Plaintiff's claim for declaratory relief as follows: (a) Plaintiff's homeowner's insurance policy does not provide coverage to Defendant Fricker for the underlying state court action, *B.B. v. Fricker*, CV-2017-050691 (Maricopa Cty. Super. Ct Jan. 6, 2017); and (b) Plaintiff is not obligated to pay any judgment in favor of Erin Bertino in the state court action.

3. Plaintiff shall move for default judgment or file a notice of dismissal of the claim against Defendant Bertino on or before June 27, 2018. The Clerk shall terminate this action without further order of the Court if Plaintiff fails to do so.

Dated this 14th day of June, 2018.

_____
David G. Campbell
United States District Judge